IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLASHIA WILLIAMS,** | : | Civil No. 1:15-cv-0493 |
| **Plaintiff,** | : | |
| v. | : | |
| **CITY OF YORK, PENNSYLVANIA, and VINCENT MONTE, NICHOLAS FIGGE and TERRY SEITZ, in their individual capacities,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## MEMORANDUM

Presently before the court is Plaintiff's motion to strike evidence not disclosed during discovery. For the reasons discussed herein, the court will grant Plaintiff's motion.

## I. Background

This matter has been pending before the court since March 2015 largely due to the seemingly arduous and contentious discovery process engaged in by the parties. The parties have submitted seven letters to the court regarding discovery issues and Plaintiff has filed two motions to compel discovery. (Docs. 40, 41, 45, 46, 50, 60 67, 68, 70.) The court has also conducted two telephone conferences as well as issued six orders to resolve discovery disputes. (Docs. 56, 57, 59, 65, 66, 69.) Every order required action by Defendants, including producing witnesses for depositions and a wide variety of documents such as citizen complaint files, prior

lawsuits, internal affairs investigations, emails regarding Plaintiff, and use of force reports. The court previously admonished Defendants evasive discovery tactics and reminded the parties that candor to the court and the opposing party is a vital part of litigation. (Doc. 65.) Discovery finally came to a close on August 16, 2017.

Plaintiff subsequently filed a motion for partial summary judgment, supporting brief, and statement of facts. (Docs. 81-84.) In opposition to Plaintiff's motion, Defendants submitted a response to the statement of facts and brief. (Docs. 89-90.) Multiple exhibits were attached to Defendants' response, including: Exhibit 12 – Declaration of Lieutenant Troy M. Bankert; Exhibit 13 – PowerPoint slides showing reports of criminal activity from January to September 2017 in the area surrounding the intersection of Princess and Pine Streets; Exhibit 14 – Declaration of Jason R. Brown; and Exhibit 15 – spreadsheet showing reports of criminal activity for various streets in York, Pennsylvania from 2011 through 2015. (Docs. 89-12 – 89-15.) Thereafter, Plaintiff filed a motion and supporting brief to strike evidence not disclosed during discovery, specifically, Exhibits 12 through 15 of Defendants' response. (Docs. 104, 106-107.) This motion has been fully briefed and is ripe for disposition. (Docs. 115 & 119.)

## II. **Legal Standard**

Federal Rule of Civil Procedure 26(a)(1)(A) requires that:

> a party must, without awaiting a discovery request, provide to the other parties:

2

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A). Moreover, a disclosing party must supplement or correct its disclosure in a timely manner "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

A party's failure to comply with Rule 26(a) and (e) may result in the exclusion of that evidence unless the failure was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The court must consider four factors when determining whether a failure to comply with the rules of discovery warrants the exclusion of evidence or sanctions:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Penn. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

### III. <u>Discussion</u>

In her motion, Plaintiff argues that Defendants failed to disclose: (1) any evidence regarding "reports of criminal activity;" (2) identify the declarants as having information related to "reports of criminal activity" during discovery; (3) or appropriately supplement this evidence in accordance with Federal Rule of Civil Procedure 26. (Doc. 107, pp. 2-4 of 11.) If Defendants are permitted to rely on these reports, as they attempt to do in their opposition to Plaintiff's motion for partial summary judgment, Plaintiff avers that she will be irreparably prejudiced, which cannot be cured without conducting additional discovery as to whether Plaintiff's arrest took place in a high crime area, and potentially hiring an expert to provide an opinion on this issue. (*Id.* at 4-7 of 11.) Plaintiff also asks the court to consider "the recalcitrance with which Defendants have approached discovery in this matter, as well as the extensive experience of defense counsel in litigating these types of cases." (*Id.* at 7 of 11.)

Defendants assert that Plaintiff's motion to strike evidence and supporting brief are procedurally improper as she had the opportunity to argue evidentiary issues in her reply to the motion for partial summary judgment. (Doc. 115, pp. 2-3 of 13.) Defendants also argue that the exclusion of evidence is an extreme sanction that should not be imposed in this case for several reasons. First, defense counsel claims he did not act in bad faith, rather, before discovering case law surrounding

reasonable suspicion in high crime areas, he "never thought to ask throughout the course of discovery whether the area was a high crime area." (*Id.* at 4-5 of 13.) Next, Defendants aver that they did not violate their Rule 26 duties because there was a delay in seeking and discovering the evidence, rather than a failure to disclose. (*Id.* at 5-6 of 13.) Lastly, Defendants contend Plaintiff is not unfairly prejudiced because: (1) the issue is moot if the court grants Defendants' motion for summary judgment; (2) Plaintiff has not requested to take any additional discovery since the disclosure of Exhibits 12 through 15; (3) any alleged prejudice is not unfair because it would only impact one claim against one Defendant; and (4) Plaintiff failed to show why the alleged prejudice cannot be cured by additional discovery. (*Id.* at 6-11 of 13.)

At the outset, the court finds Plaintiff's motion procedurally proper. This court has permitted motions to strike evidence that have been submitted in support of, or in opposition to, a party's summary judgment motion. *See, e.g.*, *Hernandez v. Palackovich*, Civ. No. 05-cv-1655, 2014 WL 174419 (M.D. Pa. Jan. 13, 2014); *U.S. Soo Bahk Do Moo Duk Kwan Fed'n v. Int'l Tang Soo Do Moo Duk Kwan Ass'n*, Civ. No. 12-cv-0669, 2014 WL 3565432 (M.D. Pa. July 18, 2014). Accordingly, the motion will be addressed on the merits.

Exhibits 12 and 13 are a declaration and corresponding Powerpoint slides showing reports of criminal activity near the intersection of Princess and Pine

5

Streets from January to September 2017. Reports of criminal activity for a time period of approximately five years *after* Plaintiff's arrest, which occurred in March 2013, are completely immaterial to resolving the issues in this case. Thus, regardless of the disclosure requirements, the court will strike Exhibits 12 and 13 from the record and prohibit use of this evidence at trial.

The court will also strike Exhibits 14 and 15, a declaration and corresponding reports of criminal activity for various streets in York, Pennsylvania, from 2011 through 2015. Defendants provided this evidence to Plaintiff through dispositive motion briefing almost two months after the close of over two years of discovery. Ignorance of the law, as well as the belief that an element of a claim is "a given," are not excuses for failing to disclose a defense, along with support for such defense, to Plaintiff during discovery. Without additional discovery, including the possibility of obtaining an expert's opinion, Plaintiff lacks the appropriate resources to dispute Defendants' evidence and would be prejudiced. To that end, the court is not inclined to permit additional discovery as the parties had more than enough time to conduct discovery, and permitting additional discovery would only delay trial in this matter once again. Furthermore, regardless of how inconsequential Defendants find Plaintiff's *Terry* claim, the court will not discount Plaintiff's claim simply because it is "at most, 1/9th of Plaintiff's case." (*See* Doc. 115, p. 9 of 13.)

## IV. **Conclusion**

For the reasons set forth above, as well as Defendants history of disingenuous discovery methods, the court simply cannot permit Defendants to rely upon evidence not disclosed during discovery. Accordingly, Plaintiff's motion to strike evidence not disclosed during discovery will be granted. An appropriate order will issue.

 s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: August 7, 2018